```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION
```

| | | |
|---|---|---|
| MARTIN BAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:10cv395 |
| | ) | |
| THE GARY PUBLIC LIBRARY, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants, The Gary Public Library ("GPL"), The Board of Trustees of the Gary Public Library ("Trustees"), Anthony Walker ("Walker"), Cynthia Watts ("Watts"), Rayfield Fisher ("Fisher"), Nancy Valentine ("Valentine"), Maryann Canty-Reedus ("Canty-Reedus"), and Sadie Sheffield ("Sheffield"), on January 26, 2011. The plaintiff, Martin Baylor ("Baylor"), filed his response on March 7, 2011, to which the defendants replied on March 14, 2011.

Motion to Dismiss Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. <u>Gibson v. City of Chicago</u>, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)(citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions." Id. Rather, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Id. at 1940 (quoting Twombly, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. Id. The Seventh Circuit Court of Appeals has synthesized the standard into three requirements. "First, a plaintiff must provide notice to defendants of [his] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

## Discussion

On November 19, 2010 the defendants filed a motion to dismiss Baylor's complaint. In addition to responding to the motion on January 19, 2011, Baylor filed an amended complaint. The defendants then filed a new motion to dismiss on January 26, 2011, which motion is presently before the court.

The defendants first argue that the amended complaint is not properly before this court, because Baylor did not comply with the procedural requirements set out in Rule 15(a) of the Federal Rules of Civil Procedure. The defendants acknowledge that Baylor has only minimally changed the original complaint by omitting the breach of contract and equal protection claims and adding a few factual allegations. The defendants also contend that even the amended complaint cannot withstand the current motion to dismiss. This court will accept the amended

complaint and will rule on motion to dismiss.

Baylor's amended complaint asserts a Section 1983 claim, alleging substantive due process violations and deprivation of property and liberty interest in position, a constructive discharge claim, a retaliatory constructive discharge claim, and a claim of "stigmatizing false allegation". The pertinent background facts are as follows. Baylor is an employee of the GPL, a municipal corporation. In February of 2009, Sherri Ervin, Director of the GPL, allegedly directed Baylor to fill out a workman's compensation form regarding a subordinate's workplace injury, and Baylor advised Ms. Ervin that he did not have enough information regarding the incident to properly fill out the form. Baylor claims he was ordered to fill out this form despite his lack of knowledge of the event. Baylor allegedly filled out the form based upon what he knew, but Ms. Ervin was not satisfied.

On or about March 3, 2009, Baylor claims he was suspended for 15 days from his job, without pay, because he refused to provide false and misleading information on the workman's compensation form in violation of federal and state laws. Baylor alleges that he was not verbally warned, written up, or afforded a post-deprivation hearing, pursuant to the employment manual adopted by GPL. When Baylor returned to work after the 15-day suspension, he was suspended again by Ms. Ervin , indefinitely, for mis-use of library time.

Baylor alleges that he was not afforded a pre-deprivation hearing, nor was he given a written notice of the allegations or charges against him prior to the suspension. Baylor requested a post-deprivation hearing, which was held in May of 2009. At this hearing, Baylor claimed that Ms. Ervin leveled several charges of misconduct at Baylor, none of which he had ever been verbally warned about or written up. In June of 2010, GPL held a hearing where allegations

were made regarding Baylor's mis-use of time. Baylor alleges that he has not been brought back to work, nor formally fired.

Baylor has sued the Board of Trustees of GPL in both their official and individual capacities, asserting that the Trustees hold hearings, take votes on issues relating to employment matters of the GPL, and adopt, modify, and enforce rules and regulations of GPL. Baylor alleges that during the past year the Trustees have had numerous public meetings regarding Baylor's employment status, yet have failed to end Baylor's lengthy unpaid suspension.

Baylor alleges that the Trustees' meetings were taken in their official capacity acting under color of state law. Baylor alleges he suffered deprivations of constitutional rights under color of state law pursuant to 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution. Baylor has asserted both procedural and substantive due process claims and also alleges state law claims of constructive discharge and retaliatory discharge.

In support of their motion to dismiss, the defendants first assert that the Trustees should be dismissed in both their individual and official capacities. Specifically, the defendants argue that the official capacity claims should be dismissed because the claims against the Trustees are duplicate and redundant since the GPL is named as a defendant. Baylor has not addressed this argument in his response. The law is clear that official capacity claims are, in actuality, claims against the government entity. Campbell v. Town of Austin, 2004 U.S. Dist. LEXIS 1925, *11 (S.D. Ind. 2004)(quoting Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690 n. 55 1978)). Therefore, the official capacity claims against the Trustees will be dismissed. See Eller v. Gary Community School Corp., 2010 U.S. Dist. LEXIS 97216, *9 (N.D. Ind. 2010; Estate of O'Bryan v. Town of Sellersburg, 2004 U.S. Dist. LEXIS 10160, *51 (S.D. Ind. 2004).

4

With respect to the individual capacity claims against the Trustees, the defendants argue that there was no constitutional deprivation caused to Baylor because Baylor had no property or liberty interest in his employment. This point will be discussed further below with respect to Baylor's Section 1983 claim. The defendants also claim that Baylor has failed to allege any personal involvement on the part of the Trustees in the alleged deprivation. In fact, every allegation in the original complaint and the amended complaint state that the Trustees' actions were taken in the Board's official capacity acting under color of state law. Moreover, the Trustees are immune from all state law claims (i.e. constructive discharge and retaliatory discharge) pursuant to I.C. 34-13-3-5(a) which provides that "[c]ivil actions relating to acts taken by a board, a committee, a commission, an authority, or another instrumentality of a governmental entity may be brought only against the board, the committee, the commission, the authority, or the other instrumentality of a governmental entity."

The defendants request that Baylor's Section 1983 claim be dismissed. In order to state a cause of action under Section 1983 for deprivation of a property interest without due process, Baylor must allege facts which would demonstrate that he has a right in a continued employment amounting to a property interest. Cleveland Bd. of Edu. v. Loudermill, 470 U.S. 532, 538 (1985); Board of Regents v. Roth, 408 U.S. 564, 576-78(1972). A policy giving the right to a hearing prior to termination does not create a property right. Moulton v. Vigo County, 150 F.3d 805 (7th Cir. 1998); Montgomery v. Stefaniak, 410 f.3d 933, 939 (7th Cir. 2005).

Although Baylor no longer alleges a claim for breach of contract in his Amended Complaint, he still relies on the employment manual as creating rights and entitlements. Baylor alleges that he had a reasonable expectation of continued employment arising from the

5

employment manual. Baylor alleges he was never warned or written up, per the employment manual. Baylor asserts that the employment manual was officially adopted by the Board of Trustees and is relied upon by its employees. Baylor also claims that the Trustees are bound by the rules and regulations that it adopts. Baylor further uses the employment manual to support his constructive discharge claim.

The defendants have submitted a copy of the employment manual[1] in question which shows Baylor was an employee at will. The defendants note that in order to state a cause of action under Section 1983 for deprivation of a property interest without due process, Baylor must allege facts which would demonstrate that he has a right in continued employment amounting to a property interest. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985); Board of Regents v. Roth, 408 U.S. 564, 576-78 (1972). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Roth, 408 U.S. at 577. The defendants correctly assert that, under Indiana law, Baylor does not allege facts supporting his right to continued employment such as would constitute a property interest.

As a general rule, under Indiana law, employment relationships are terminable at the will of either party. Speckman v. City of Indianapolis, 540 N.E.2d 1189, 1192 (Ind. 1989); Phegley v. Indiana Dept. of Highways, 564 N.E.2d 291, 295 (Ind. Ct. App. 1990). When no definite or

---

[1] The submission of the employment manual does not require the court to convert the motion to dismiss to a motion for summary judgment because documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Wright v. Associated Insurance Companies Inc., 29 F.3d 1244, 1248 (7th Cir. 1994)(permitting defendant to attach a Health Insurance Risk Plan Administration Agreement to its motion to dismiss the plaintiff's Section 1983 and state law claims without converting the motion to one for summary judgment).

ascertainable term of employment exists, an employee is considered an employee at will and may be terminated at any time, with or without cause. Orr v. Westminster Village N., Inc., 689 N.E.2d 712, 717 (Ind. 1997). According to the Indiana Supreme Court, there are only three ways to avoid or rebut the presumption of at-will employment: (1) independent consideration supporting the employment contract; (2) public policy exception arising from a statutory right or duty; and (3) promissory estoppel. Id. at 718. "Of these exceptions only the first, consideration, generally has the potential to establish a property right." Wozniak v. Ind. Univ. Bd. of Trustees, 2007 U.S. Dist. LEXIS 20114, *11 (S.D. Ind. 2007). Further, a policy giving the right to a hearing prior to termination does not create a property right. Moulton v. Vigo County, 150 F.3d 805 (7th Cir. 1998). Baylor relies on Cotnoir v. University of Maine, 35 F.3d 6 (1st Cir. 1994), in support of his argument that an employee manual may give rise to a property interest. However, as the defendants point out, this is not the law in Indiana. Indiana courts have been unequivocal in their rejection of alleged property rights based on employee handbooks. Shannon v. Bepko, 684 F. Supp. 1465, 1478 (S.D. Ind. 1988); see also, Mead Johnson & Co. v. Oppenheimeir, 458 N.E.2d 668, 671 (Ind.App. 1984)(employee handbooks are immaterial without an enforceable agreement between the employer and the employee of employment for a definite duration.)

In the present case it is clear that Baylor has not alleged that a definite or ascertainable term of employment exists. Nor has he alleged any form of independent consideration supporting an employment contract. Baylor also has not alleged that a statute gave him a right to continued employment, nor has he pled any facts supporting a promissory estoppel theory. Accordingly, this court agrees with the defendants that under no set of facts can Baylor demonstrate that he is not an at-will employee. Thus, Baylor's deprivation of property interest

claim will be dismissed.

The defendants next argue that Baylor has failed to state a substantive due process claim. The defendants assert that even if Baylor can demonstrate that the defendants' actions were arbitrary and capricious, Baylor cannot demonstrate that state law remedies are inadequate. The defendants note that in Baylor's original complaint he did not even allege that state law remedies were inadequate. In Baylor's amended complaint, he alleged that he did not have adequate remedies under state law, despite the fact that he still made state law claims. Baylor's amended complaint asserts the state law claims of constructive discharge and retaliatory discharge. The defendants point out that Baylor must believe that his state law claims are meritorious or he would not have asserted them and, thus, Baylor cannot show that state law remedies are inadequate. In any event, Baylor has not shown that a constitutional provision has been violated because he had no property or liberty interest in his employment. Kauth v. Hartford Ins. Co., 852 F.2d 951, 958 (7th Cir. 1988). Therefore, Baylor's substantive due process claim will be dismissed for failure to state a claim.

Next, the defendants argue that Baylor has failed to state a liberty interest claim because his complaint is virtually devoid of information regarding public disclosure of the alleged stigmatizing statements. In the Seventh Circuit, when an employee claims that a government employer has infringed his liberty to pursue the occupation of his choice, the employee must show that: (1) he was stigmatized by the defendant's conduct; (2) the stigmatizing information was publically disclosed; and (3) he suffered a tangible loss of other employment opportunities as a result of the public disclosure. Townsend v. Vallas, 256 F.3d 661, 669 (7th Cir. 2001). "Therefore, a requirement that the employee show that he suffered a tangible loss of other

employment opportunities is consistent with the case authority insisting that a liberty interest claim not be unduly speculative." Id. at 671.

Baylor's original complaint made no mention of the alleged stigmatizing statement. Paragraph 20 of the amended complaint vaguely states that "At some point in 2009, around the time of the suspension, the local newspaper, the Post Tribune, reported and published a story regarding Plaintiff's suspension." In Harris v. City of Auburn, 27, F.3d 1284 (7th Cir. 1994), the Seventh Circuit Court of Appeals found that the plaintiff failed to prove that he was denied a liberty interest without due process of law when the complaint was deficient of the alleged stigmatizing statement, where the statements were made, and what exactly was publically disclosed. In the present case, Baylor only asserted vague, conclusory allegations about the public disclosure of alleged stigmatizing statements. Moreover, Baylor did not allege any loss of other employment opportunities. Therefore, it is clear that Baylor's liberty interest claim must be dismissed.

As all of Baylor's federal claims have been dismissed the court could summarily dismiss his state law claims. However, as the claims are clearly not supported by the amended complaint, the court will proceed with a short discussion. With respect to Baylor's constructive discharge claim, the defendants seek dismissal of the claim on the grounds that Baylor has failed to plead facts that indicate that he was not an employee-at-will. As noted above, the defendants have attached portions of Baylor's employment manual, and the manual shows that Baylor is an employee at-will who could be terminated without cause at any time. Although Baylor relies on Levenstein v. The Board of Trustees of the University of Illinois, No. 95C5524 1997 U.S. Dist. LEXIS 619, the case is easily distinguished by the fact that the plaintiff in Levenstein was a

9

tenured professor and it is well established that a tenured professor has a property interest in his job that is protected by the Fourteenth Amendment. Id. As Baylor was an employee at will his constructive discharge claim must be dismissed for failure to state a claim.

Baylor's amended complaint also attempts to set forth a claim for retaliatory constructive discharge. Baylor alleges in a conclusory fashion that he "was retaliated against by Defendants for refusing to falsify a worker's compensation form by being placed on unpaid suspension. This action was the initial suspension imposed by Defendants on Plaintiff and Defendants have not allowed him to return to work or receive any of the benefits of employment since that time." Baylor has also alleged, in the context of his Section 1983 claim, that he was directed to fill out a worker's compensation form regarding a subordinate's workplace injury. Baylor alleges that he did not have enough information regarding the incident but was ordered to fill out the form despite lack of knowledge of the event. Baylor alleges that he filled out the form based on what he knew, and was subsequently suspended for insubordination.

The defendants assert that the amended complaint does not allege any facts that would support the conclusory claim that Baylor was asked to provide false information. The Supreme Court of Indiana has carved out only two public policy exceptions to the "venerable at will employment doctrine." See Campbell v. Eli Lilly & Co., 413 N.E.2d 1054, 1061 (Ind.Ct.App.1980). It has held that an employee-at-will could bring a claim for retaliatory discharge against his employer when he was discharged for (1) filing a worker's compensation claim, see Frampton v. Central Ind. Gas Co., 260 Ind. 249, 297 N.E.2d 425, 427–28 (1973), or (2) refusing to commit an illegal act for which he would be personally liable, see McClanahan v. Remington Freight Lines, Inc., 517 N.E.2d 390, 392–93 (Ind.1988); see also Walt's

Drive–A–Way Serv., Inc. v. Powell, 638 N.E.2d 857, 858 (Ind.App.1994). The Supreme Court of Indiana has expressed its reluctance to broaden exceptions to the doctrine. See Wior v. Anchor Industries, Inc., 669 N.E.2d 172, 177 n. 5 (Ind. 1996)("Generally, we are disinclined to adopt generalized exceptions to the employment-at-will doctrine in the absence of clear statutory expression of a right or duty that is contravened."). Indiana appellate courts reiterate that the public policy exception continues to be narrowly construed. See, e.g., Dale v. J.G. Bowers, Inc., 709 N.E.2d 366, 368 (Ind.Ct.App.1999).

In the present case, the factual allegations in the amended complaint do not provide any basis on which to find that Baylor was anything other than an employee-at-will or that he was constructively discharged for refusing to commit an illegal act. Therefore he has not properly pled a retaliatory constructive discharge claim and the claim will be dismissed.

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss amended complaint [DE 14] is hereby GRANTED. The defendants' earlier motion to dismiss the complaint [DE 6] is hereby DEEMED MOOT.

Entered: April 20, 2011.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court